UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ISAACKY GAVRILOVICH
SHARIPOFF,

                Plaintiff,

    v.

JASON MYERS (SHERIFF), (SGT)
RAMSEY (DEPUTY), SOPHIE
POLONSKY (DEPUTY), OFFICER
WHITTAKER (DEPUTY), C. CRITES
(DEPUTY), CRISAFULLI VELASQUEZ
or DOMINICK (DEPUTY)
                Defendant.

Case No. 6:18-cv-01659-MK

OPINION AND ORDER

KASUBHAI, Magistrate Judge:

Page 1 - OPINION AND ORDER

*Pro se* litigant Isaacky Gavrilovich Sharipoff ("plaintiff") moves for judicial notice of several documents attached as exhibits to his request for judicial notice (ECF 7). For the reasons set forth below, plaintiff's request is DENIED.

**BACKGROUND**

Plaintiff filed a complaint against defendants on September 12, 2018 (ECF no. 1). The plaintiff alleged he was in custody in the Marion County jail during which the individually named defendants caused physical and mental harm and discriminated against him because of his perceived nationality. Id. Plaintiff subsequently filed what the Court construes as a request for judicial notice on October 18, 2018 (ECF no. 7). Included in the plaintiff's request for judicial notice are lengthy descriptions of allegations of injuries he attributes to the defendants, references and citations to religious texts and statutes, summaries of medical bills, and legal argument. Id. Plaintiff attached several exhibits to his request for judicial notice. Exhibit A appears to be a collection of medical chart notes and billing statements; Exhibit B appears to be a medical billing statement; Exhibit C appears to be a medical billing statement; Exhibit D is titled, "Marion County Sheriff's Office Institutions Division Hearing Report;" Exhibit E is titled, "Marion County Sheriff's Office Institutions Division Hearing Report;" Exhibit F is titled, "Marion County Jail Health Services;" Exhibit G is titled, "Marion County Jail Health Services" and includes an affidavit signed by plaintiff; Exhibits H through M are a series of color photographs; Exhibit N includes an affidavit, what appears to be additional jail records and several photographs; Exhibit O is an affidavit and a document titled, "Tort Claim;" Exhibit P is

titled, "Notice;" there is no document marked as Exhibit Q; Exhibit R is titled, "Second Notice of Default;" and Exhibit S is an affidavit.[1] Id.

## DISCUSSION

Upon a properly supported request by a party, a federal court may take judicial notice of adjudicative facts. Fed.R.Evid. 201(a),(d). Facts subject to judicial notice are those which are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). A court may not take judicial notice of a matter that is in dispute. Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir.2001). The party requesting judicial notice bears the burden of persuading the court that the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source "whose accuracy cannot reasonably be questioned." In re Tyrone F. Conner Corp., Inc., 140 B.R. 771, 781 (E.D.Cal.1992).

Some records of a state agency are the proper subject of judicial notice, a district court "may not take judicial notice of documents filed with an administrative agency to prove the truth of the contents of the documents." Benavides v. City of Arvin, No. 12–cv–0405, 2012 WL 1910259, at 3 (E.D.Cal. May 25, 2012) (citing, *inter alia,* M/V Am. Queen v. San Diego Marine Constr. Corp.*,* 708 F.2d 1483, 1492 (9th Cir.1983)); Klein v. Freedom Strategic Partners, 595 F.Supp.2d 1152, 1157 (D.Nev.2009) ("When a court takes judicial notice of a public record, 'it may do so not for the truth of the facts recited therein, but for the existence of the [record], which

---

[1] The above-described titles to the exhibits are included for the sole purpose of identifying the separate documents attached to plaintiff's request for judicial notice. The Court's references to these titles should not be construed as a finding the Court has taken judicial notice consistent with the plaintiff's request for judicial notice.

Page 3 – OPINION AND ORDER

is not subject to reasonable dispute over its authenticity.' " (quoting Lee v. City of L.A., 250 F.3d 668, 690 (9th Cir.2001))).

In Benavides, for example, the defendants asked the court to take judicial notice of, among other things, the contents of a police report. 2012 WL 1910259, at 2. The Benavides court declined to take judicial notice of the contents of the police report, because the contents were not the proper subject of judicial notice, and because "the allegedly indisputable facts contained in the police report ... are subject to hearsay objections, and do not rise to the 'high degree of indisputability' required for judicial notice for their truth." *Id.* at *3 (citation omitted). For these reasons, the Court in Benevides denied Defendant's request for judicial notice.

Here, the plaintiff asks this court to take judicial notice of photographs, the contents of affidavits, public records, and handwritten notes made on several exhibits. These documents attempt to elaborate on the claims the plaintiff makes in his complaint. They do not rise to the 'high degree of indisputability" required for judicial notice. The photographs and affidavits are subject to appropriate hearsay objections. Plaintiff also includes content that is mere argument, or simply not relevant for any purpose connected to plaintiff's claims. The exhibits that include medical billing statements are also subject to hearsay objections and are not appropriate for judicial notice.

Finally, while the exhibits associated with Marion County jail might likely be characterized as public records, for the reasons discussed above, the content of those records are inappropriate for judicial notice in that these records are also subject to appropriate hearsay objections. Moreover, several of these jail records include hand-written commentary that raise significant questions as to the authenticity of the documents.

## CONCLUSION

For the reasons provided above, the plaintiff's request for judicial notice is DENIED.

DATED this 7th day of January 2019.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI  
United States Magistrate Judge