JOE MILLER, OSB #160851
Assistant Legal Counsel
jcmiller@co.marion.or.us
555 Court Street N.E., Suite 5242
P.O. Box 14500
Salem, OR 97309
Telephone: (503) 588-5220
Facsimile No.: (503) 373-4367
Attorney for Defendants Sheriff Jason Myers *et al.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ISAACKY GAVRILOVICH SHARIPOFF,<br><br>               Plaintiff,<br><br>v.<br><br><br>JASON MEYERS, *et al*,<br><br>               Defendants. | Case No. 6:18-cv-1659-MK<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT** |

## LR 7.1 CERTIFICATION

Counsel for Defendants sent Plaintiff a letter, on February 19th, 2019 that generally outlined Defendants' basis for a motion to dismiss his Complaint. Attempts at resolution of this disagreement have been outlined in Counsel for Defendants' Declaration of Counsel. Defendants presume that Plaintiff objects to this Motion to Dismiss.

## MOTION

Comes now Defendants, by and through Joe Miller, Assistant Legal Counsel, and moves this court for an order dismissing Plaintiff's Complaint. Defendants respectfully request that Plaintiff's Complaint be dismissed, pursuant to Federal Rules of Civil Procedure (FRCP) 12(b)(1), 12(b)(4), and 12(b)(6) because the complaint fails to state: that Defendants received sufficient process, sufficient facts to substantiate a claim, sufficient facts to substantiate claims against all named defendants, a cognizable legal theory, a cognizable legal theory giving the court subject-matter jurisdiction to hear Plaintiff's Complaint, an allegation of damages, a cognizable request for relief, and that Plaintiff exhausted all available administrative remedies prior to filing this suit.

This Motion is supported by the Memorandum of Points and Authorities filed herewith.

## MEMORANDUM OF LAW

### I. Motion to Dismiss Standard

When considering a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the factual allegations in the light most favorable to the non-moving party, taking all material allegations to be true. *State v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). This does not mean that the Court will find that Plaintiff's allegations *are* true, but that the Court will consider that *if* Plaintiff's allegations were true whether dismissal of the complaint is appropriate.

To survive a motion to dismiss a complaint must contain enough factual matter to suggest the elements of the claims asserted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Where the complaint "lacks a cognizable theory" or when there are "insufficient facts under a

cognizable legal claim," dismissal is appropriate. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530,534 (9th Cir. 1984).

## II. Insufficient Process: Lack of Tort Claim Notice

FRCP 12(b)(4) provides that one defense to a complaint is "insufficient process." Plaintiff's pleadings did not address whether Plaintiff complied with ORS 30.260 *et seq*, the Oregon Tort Claims Act (OTCA). The OTCA requires that notice of a claim must be given to a public body "within 180 days after the alleged loss or injury." ORS 30.275(2)(a). Plaintiff's complaint brings forth allegations against members of the Marion County Sheriff's Office, which is a component of a public body in which the OTCA applies.[1] Plaintiff's failure to plead whether or not notice was provided as required by ORS 30.275(2)(a) is a failure to plead that sufficient process was conducted under FRCP 12(b)(4).

Furthermore, any claim alleged by Plaintiff subject to the requirements of the OTCA should be dismissed as Plaintiff's Complaint was not filed within 180 days. Plaintiff pleads that he was housed at the Marion County Jail from December 1, 2017 to February 27, 2018.[2] While Plaintiff does not allege a date giving rise to his claim, the Court can infer from the face of the Complaint that the last possible date that the allegation could have occurred is February 27, 2018. In order for Plaintiff's Complaint to serve as notice under the OTCA, it would have to have been filed with 180 days of February 27, 2018, which would have been August 26, 2018. Plaintiff did not initiate this suit until September 12, 2018.[3] Plaintiff's suit was not filed timely enough to serve as a notice of an action against a public body as required by ORS 30.275(2)(a) and for this reason, dismissal pursuant to ORS 30.275(2)(a) and FRCP 12(b)(4) is appropriate.

---

1. *See* Plaintiff's Complaint (Doc. 1) at Pg. 2.
2. *Id.*
3. *See* Plaintiff's Complaint (Doc. 1).

3 | P a g e  **DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT**

### III. Failure to State Claim Upon Which Relief Can be Granted

    a. <u>Failure to State Sufficient Facts</u>

FRCP 12(b)(6) provides that a claim may be dismissed if it fails to "state a claim in upon which relief can be granted." In order for a complaint to survive a motion to dismiss, it must contain enough factual matter to suggest the elements of the claims asserted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

Plaintiff fails to assert sufficient facts to establish a claim against the named Defendants.[4] While Plaintiff's alleges plenty of impermissible conclusions, the Complaint does present sufficient facts to establish any claim against Defendants. For this reason, this action should be dismissed pursuant to FRCP 12(b)(6).

    b. <u>Failure to Identify Cognizable Legal Theory</u>

FRCP 12(b)(6) provides that a claim may be dismissed if it fails to "state a claim upon which relief can be granted." A claim may appropriately be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Plaintiff fails to identify a legal theory as the basis for this action.[5] Even giving Plaintiff's claim the broadest reading, as required by *State v. Kennedy*, there is no cognizable legal theory for a claim against Defendants that can be identified in Plaintiff's Complaint. For this reason, Plaintiff's Complaint should be dismissed pursuant to FRCP 12(b)(6).

---

4. *Id*.
5. *Id*.

   c. <u>Failure to Assert Any Facts Against Multiple Defendants</u>

FRCP 12(b)(6) provides that a claim may be dismissed if it fails to "state a claim upon which relief can be granted." Plaintiff failed to assert any fact or cognizable legal theory against Defendants Myers and Ramsey.[6] Defendants Myers and Ramsey should be dismissed from this action because Plaintiff failed to plead any facts or cognizable legal theory against Defendants Myers and Ramsey.

   d. <u>Failure to Plead Damages/Request Relief</u>

FRCP 12(b)(6) provides that a claim may be dismissed if it fails to "state a claim upon which relief can be granted." Plaintiff's failed to assert, as a matter of fact, any identifiable injury or damages sustained by Plaintiff.[7] Additionally, Plaintiff failed to state how any named Defendant caused an injury to Plaintiff. Furthermore, the Complaint fails to make any identifiable request for relief or legal basis for the requested relief.

Plaintiff's Complaint should be dismissed pursuant to FRCP 12(b)(6) because the complaint fails to plead sufficient facts to establish that Plaintiff sustained an injury or was harmed, causation of an injury, and causation of an injury due to the act of a named Defendant. Additionally, Plaintiff's Complaint should be dismissed pursuant to FRCP 12(b)(6) because the complaint fails to identify any relief being requested or a cognizable legal basis for relief.

### IV. Lack of Subject-Matter Jurisdiction

FRCP 12(b)(1) provides that a complaint may be dismissed if the court lacks "subject-matter jurisdiction." Plaintiff failed to plead a cognizable legal theory to support his claim.[8] Defendants and Plaintiff are citizens of Marion County, Oregon. Since there is no diversity of

---

6. *Id.*
7. *Id.*
8. *Id.*

5 | P a g e   **DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT**

the parties, the only jurisdiction possible for the court to have over this matter would be subject-matter jurisdiction. Without a cognizable legal theory to support this action, Plaintiff did not sufficiently plead that the court has subject-matter jurisdiction to hear this case. For these reasons, Plaintiff's Complaint should be dismissed for lack of subject-matter jurisdiction pursuant to FRCP 12(b)(1).

### V. Failure to Exhaust Remedies

Plaintiff's Complaint states that the Marion County Jail has grievance procedures.[9] However, Plaintiff failed to plead whether or not he utilized those grievance procedures. Plaintiff also failed to plead that if he did submit a grievance, what the subject matter of the grievance was, who the grievance was against, when the grievance was filed, or whether Plaintiff exhausted all available appeals of the grievance. Plaintiff's own Complaint raises the question of whether Plaintiff exhausted all available administrative remedies prior to filing this suit. This action should be dismissed because while the Complaint identifies administrative remedies available to Plaintiff, he failed to plead that he exhausted all available administrative remedies.

## CONCLUSION

Plaintiffs' Complaint should be dismissed, pursuant to FRCP 12(b)(1), 12(b)(4), and 12(b)(6) because the Complaint failed to state: that Defendants received sufficient process to preserved a claim against a public body pursuant to the OTCA, sufficient facts to substantiate a claim, sufficient facts to substantiate claims against all named defendants, a cognizable legal theory, a cognizable legal theory giving the court subject-matter jurisdiction to hear this suit, an

---

9. *See* Plaintiff's Complaint (Doc. 1) at Pg. 2.

6 | P a g e   **DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT**

allegation of damages, a cognizable request for relief, and that Plaintiff exhausted all available administrative remedies prior to filing this suit.

DATED this 10th day of April, 2019.

*Joe Miller*

Joe Miller, OSB# 160851
 Of Attorneys for Defendants Jason Myers, (SGT) Ramsey, Sophie Polonsky, Whittaker, C.Crties, and Valsquez or Dominick Crisafulli

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT on the following persons:

>Isaacky Gavrilovich Sharipoff
>PO Box 514
>Woodburn, OR 97071
>Plaintiff, *pro se*

By the following indicated method or methods:

| | |
|---|---|
| ___ | By electronic means through the Court's Case Management/Electronic Case File system on the date set forth below; |
| XX | By mailing a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the attorney's last-known office address listed above and causing it to be deposited in the U.S. Mail at Salem, Oregon on the date set forth below; |
| ___ | By electronic means to the attorney's last-known e-mail address listed on the Oregon State Bar Online Membership Directory on the date set forth below; |
| ___ | By causing a copy thereof to be hand-delivered to said attorney at each attorney's last-known office address listed above on the date set forth below; |

DATED this 10th day of April, 2019.

*/s/ Joe Miller*
Joe Miller, OSB# 160851
Assistant Legal Counsel
 Of Attorneys for Defendants Jason
Myers, (SGT) Ramsey, Sophie
Polonsky, Whittaker, C.Crties, and
Valsquez or Dominick Crisafulli