UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ISAACKY GAVRILOVICH SHARIPOFF<br><br>Plaintiff,<br><br>v.<br><br>JASON MYERS, Sheriff; RAMSEY, Deputy; SOPHIE POLONSKY, Deputy; OFFICER WHITTAKER, Deputy; C. CRITES, Deputy; CRISAFULLI VELAZQUEZ or DOMINICK, Deputy<br><br>Defendants. | Case No.: 6:18-cv-01659-MK<br><br>OPINION AND ORDER[1]<br><br>RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND MOTION FOR PRE-FILING ORDER |

**KASUBHAI, Magistrate Judge:**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Motion for Pre-Filing Order. ECF No. 54. For the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 54) and DENIES Defendants' Motion for a Pre-Filing Order (ECF No. 54).

---

[1] Under Standing Order 06-mc-9130, the parties consented to full jurisdiction by a U.S. Magistrate Judge. ECF No. 57.

# BACKGROUND

In the Complaint filed September 12, 2018, *pro se* Plaintiff alleged that he was detained in the Marion County jail in Salem, Oregon from December 1, 2017 to February 27, 2018. Compl. 2, ECF No. 1. Plaintiff alleged that Defendants conspired, discriminated against him for his Russian heritage, tortured him, and that he was helpless. *Id.* at 2-3. Specifically, Plaintiff alleged that Deputies Whittaker, Velasquez, Crites, and Polonsky entered his cell at 4:00 a.m. one morning and ordered him to remove his clothes and "show them [his] private parts." *Id.* at 2. Plaintiff refused and Defendants then inflicted "injury, damage, pain and suffering including mental anguish and nightmares." *Id.* Plaintiff further alleges that during his incarceration he tried to use grievance procedures to complain about his treatment, but his documents were stolen. *Id.* Plaintiff filed a "TORT CLAIM petition" for redress of his grievances upon release from jail. *Id.* Plaintiff claims that he suffers ongoing pain, and that "there is total negligence and deliberate indifference" and "misuse and abuse of power[.]" *Id.* at 3. Plaintiff prayed for an unspecified amount of compensation. *Id.* Although the Complaint alleged some facts supporting various potential legal theories, Plaintiff failed to identify a cause of action. *See generally*, Compl., ECF No. 1.

Defendants' in their Answer, filed January 16, 2019, denied the substance of Plaintiff's allegations and asserted then affirmative defenses. Answer ¶¶ 6-16, ECF No. 21. Plaintiff responded to Defendants' Answer with a single-spaced 14-page document titled "Brief in Support of Complaint," on February 19, 2019. ECF No. 32. Plaintiff attached several exhibits to his Brief, including medical bills allegedly incurred as a result of the deputies' abuse of Plaintiff, and brief medical records. *Id.* Ex. 1-2, A1-5. Essentially, Plaintiff's brief is strewn with allegations that might, if more completely alleged, be sufficient for a number of both

Constitutional and tort claims. Those allegations, however, are scattered throughout several documents, including the Complaint, and are not possible to adequately evaluate.

Defendants filed a Motion to Dismiss Plaintiff's Complaint on April 10, 2019. ECF No. 37. Plaintiff filed a document in response to the Motion to Dismiss, which he titled "Notice to defendants in reply to documents dated April 10, 2019." ECF No. 39. Defendants then filed a Reply, describing Plaintiff's response as non-responsive to legal arguments made in the Motion to Dismiss. Defs.' Reply 2, ECF No. 40.

Plaintiff subsequently filed a "Notice of Default." ECF No. 41. Defendants responded with a Motion to Strike Notice. ECF No. 42. Before the Court could rule on Defendants' Motion to Strike, Plaintiff filed a "Second Notice of Default." ECF No. 43. Plaintiff then filed a document called "Affidavit of Truth." ECF No. 44. Defendants filed a second Motion to Strike in response, arguing again that Plaintiff has no authority to issue a Notice of Default. Mot. Strike (2) 1, ECF No. 45.

On July 18, 2019, this Court entered an Order granting Defendants' two Motions to Strike, issuing a stay on Defendants' Motion to Dismiss, and construing Plaintiff's "Affidavit of Truth" and "Brief in Support of Complaint" as Plaintiff's Motion for Leave to File an Amended Complaint. Order 1, ECF No. 46. The Court granted leave to amend and requested *pro bono* counsel be assigned to represent Plaintiff. *Id.* The Court subsequently entered two separate orders that appointed *pro bono* counsel to Plaintiff and granted Plaintiff's Unopposed Motion for Extension of Time to File Pro Bono Appointment Response Form. ECF Nos. 47 and 48. However, because Plaintiff refused contact from counsel after counsel's repeated attempts to establish contact with Plaintiff by telephone and mail, the appointed counsel requested that the Court terminate his appointment. Pl.'s Pro Bono Appointment Response, ECF. No. 51. The

Court entered an Order terminating counsel's appointment to Plaintiff on September 4, 2019. ECF No. 52.

On October 3, 2019, Plaintiff, acting *pro se*, filed an "Amendment to Complaint and Demand." Am. Compl., ECF No. 53. In the Amended Complaint, Plaintiff does not allege any new or material facts and fails to identify a cause of action. *Id.* Plaintiff adds that "[a]ll Affidavits of Truth ab- initio, All Affidavits of Service are hereby restated in their entirety, and incorporated herein, as if set forth in full (unrebuttable and unrebutted)." *Id.* at ¶ 8. Plaintiff also adds that he seeks equitable and declaratory relief. *Id.* at ¶ 7.

Moreover, Plaintiff "added and incorporated" into the "Original Complaint and Demand," a "JHON [sic] DOE" as a Defendant. *Id* at 3. Although the Amended Complaint's caption names "Jason Myers, et, al," as "Defendants," Plaintiff does not expressly identify any other defendant besides Myers in the caption. *Id.* at 1. While Plaintiff attaches nine exhibits to his Amended Complaint, the exhibits' relationship to the Amended Complaint are difficult to decipher. *See* ECF No. 53-1.

In Exhibit A, Plaintiff lists Deputies Larson, Whitaker, Velasquez, Crisafulli, Crites, and Polonsky as "assault deputies." *Id.* at Ex. A 1, ECF No. 53-1. He lists Sheriff Myers, Deputy Sergeant Ramsey, and thirteen other law enforcement officers are the names of "conspirators." *Id.* at Ex. A 1-2. Plaintiff names other deputies and police officers as "conspirators arresting officers" and Marion County Commissioners as "direct and or indirect conspirators." *Id.* at Ex. A 2-3. Furthermore, Plaintiff names Marion and Lane County Circuit Court judges as "conspirator judges and prosecutors," and the United States, State of Oregon, Marion County, and the City of Salem as "corporations and sub-corporations." *Id.* at Ex. A 3. Plaintiff attaches as Exhibit D his progress notes as a patient in Salem Hospital. *Id.* at Ex. D. The remaining exhibits labeled B, C1,

C2, C3, and E are copies of court documents (in which Plaintiff was a plaintiff) for Lane County Case Number 17SC47301 and copies of the judicial oaths of office for Marion and Lane County Circuit Court judges. *Id.* at Exs. B, C, and E.

Defendants filed a second Motion to Dismiss and a Motion for Pre-Filing Order. Defs.' Mots., ECF. No. 54. In their motion, Defendants request that Plaintiff's Amended Complaint be dismissed. *Id.* at ¶¶ III-V. Defendants also move the Court to enter an order declaring Plaintiff a vexatious litigant and prohibiting Plaintiff from filing future legal claims against Marion County and its employees without obtaining leave from the Court. *Id.* at ¶ VI.

## LEGAL STANDARD

**I. Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(6)**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the

plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* While the court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Iqbal*, 556 U.S. at 678.

*Pro se* plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by

amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). (citation and quotation marks omitted). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 555).

**II. Motion for Pre-filing Order Declaring a Vexatious Litigant**

The Ninth Circuit explained that "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Under federal law, the court is instructed to consider "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.* "The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). Therefore, prior to declaring litigant "vexatious," the court must: (1) provide the litigant notice and a chance to be heard; (2) create an adequate record for review; (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) ensure any pre-filing order is "narrowly tailored to closely fit the specific vice encountered." *Id.* at 1147-48; *Molski v. Evergreen Dynasty Corp.*, 500 F.3d at 1057.

Though the first two requirements are procedural, the latter two are substantive, and a "separate set of considerations" may provide a "helpful framework" in "applying the two substantive factors." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (citation omitted). These substantive considerations are: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the

litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Molski*, 500 F.3d at 1058 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

## DISCUSSION

### I. Defendants' Motion to Dismiss

Defendants bring their second motion to dismiss on three grounds.[2] They argue that Plaintiff: (1) fails to state a claim upon which relief can be granted; (2) lacks subject matter jurisdiction; and (3) fails to exhaust administrative remedies. The Court addresses the arguments in turn.

<u>A. Sufficiency of Plaintiff's Allegations</u>

Federal Rules of Civil Procedure Rule 8 requires a plaintiff to allege "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts should dismiss complaints that are excessively "verbose, confusing, and . . . conclusory." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citation and quotations marks omitted). A complaint is not subject to dismissal for noncompliance with Rule 8 due to length or excessive detail alone. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131-32 (9th Cir. 2008). However, a court may dismiss a complaint under Rule 8 if it does not allow the defendant sufficient notice of the factual basis of the plaintiff's claim. *Id.* at 1130.

---

[2] Because Plaintiff filed an Amended Complaint, the Court denies Defendants' first Motion to Dismiss (ECF No. 37) as moot.

The Court is cognizant of Plaintiff's *pro se* status and liberally construes Plaintiff's Amended Complaint. The Court construes Plaintiff's Amended Complaint to include Plaintiff's original Complaint and other filings. Even construed liberally, Plaintiff's Amended Complaint lacks the bare minimum factual allegations from which this Court can determine whether Plaintiff has adequately pleaded any claim. Although the Court considered the facts Plaintiff alleged in his "Affidavit of Truth," Plaintiff failed to cure the deficiencies of his original Complaint. Plaintiff's Amended Complaint is still devoid of any legal theory or claim, and as previously noted, contains no new alleged facts. Accordingly, Plaintiff fails to state a claim against Defendants. The Court does not reach any of Defendants' remaining arguments. Defendants' Motion to Dismiss is granted.

### B. Futile to Amend

A district court may, within its discretion, deny a motion to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Futility of amendment, "can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Considering Plaintiff's *pro se* status, this Court previously granted Plaintiff leave to amend. Further, in considering Plaintiff's Amended Complaint, the Court allowed Plaintiff to

incorporate his earlier filings and construed them as part of his Amended Complaint. Additionally, in the interest of judicial efficiency, the Court appointed Plaintiff with *pro bono* counsel. However, Plaintiff refused counsel's attempt to establish contact, and as a result, *pro bono* counsel asked this Court to terminate his appointment. Despite this Court's expressive instruction to "comply with all rules of federal procedure and local rules in filing court documents," Plaintiff's continued unwillingness or inability to comply with the Court's instructions are given great weight. Moreover, given that over two years have passed since the alleged events in this case, the Court finds that Defendants suffer prejudice as a result of fading memories, stale evidence, and potential unavailability of witnesses. As in Plaintiff's Complaint, his Amended Complaint failed to state a claim against Defendants. Given Plaintiff's two attempts to file a complaint, his refusal of *pro bono* assistance, and failure to follow the Court's Order that Plaintiff comply with all Federal Rules of Civil Procedure, it would be futile to grant Plaintiff another opportunity to amend. The Court dismisses this case with prejudice.

## II. Defendants' Motion for Pre-filing Order

Defendants also move for an order declaring Plaintiff as a vexatious litigant and prohibiting him from filing future actions against Marion County and its employees without prior approval by the Court. Defs.' Mot. Dismiss 6-13, ECF. No. 54.

### A. Notice

In *De Long*, the Ninth Circuit held that the district court must provide litigant notice and a chance to be heard before the pre-filing order is entered. *De Long*, 912 F.2d at 1147. Here, Defendants provided Plaintiff with their motion for a pre-filing order. Defs.' Mot. Dismiss, ECF No. 54. Defendants also requested oral argument in their motions for the purpose of allowing

Plaintiff an opportunity to be heard before the Court.³ *Id.* Consequently, Plaintiff had the opportunity to respond to Defendants' motion both in writing and at a hearing but failed to do so. Therefore, this Court finds that Plaintiff had sufficient notice of this motion and an opportunity to be heard.

        B. Adequate Record for Review of Plaintiff's Actions

Defendants contend that Plaintiff has a "history of abusing litigation from the outset of this action." *Id.* at 7. Before entering a pre-filing order, the district court must compile "an adequate record for review." *De Long*, 912 F.2d at 1147-48. An "adequate record for review" includes a listing of all cases and motions filed by litigant to show that litigant's activities were numerous or abusive. *Id.* at 1147.

In the District of Oregon, Plaintiff has filed only this case against Defendants. And, in this case, Plaintiff amended his complaint with leave from the Court (ECF No. 53) and filed two separate notices of default (ECF Nos. 41 and 43). Subsequently, the Court granted Defendants' two Motions to Strike (ECF No. 42 and 45). Defendants contend that Plaintiff's "pleading practices" in this case and the three cases filed in the State of Oregon: (1) Lane County Case Number 17SC47301; (2) Marion County Case Number 14C47159; and (3) Marion County Case Number 17CR79985, show Plaintiff's intent to use the judicial system to unduly burden Marion County and its employees. Defs.' Mot. Dismiss 8, ECF. No 54. However, the Court finds that the three cases filed in Oregon State Court arise from separate and distinct legal issues. Lane County Case Number 17SC47301 is a small claims suit filed against Marion County and its employee by Plaintiff. Defs.' Mot. Dismiss, Ex. 101, ECF. No. 54-1. Marion County Case Numbers

---

³ Under LR 7.1(d)(1), the Court finds this motion appropriate for disposition without oral argument and denies the request.

14C47159 and 17CR79985, are both criminal proceedings filed against Plaintiff by the State of Oregon. *Id.* Exs. 102 and 103, ECF Nos. 54-2 and 54-3.

The Court finds that Plaintiff's conduct does not rise to a level suggesting that Plaintiff is abusing the judicial system. Because Plaintiff does not have a lengthy history of filing frivolous or harassing litigation, the Court denies Defendants' motion for a pre-filing order.

## CONCLUSION

For the reasons stated above, the Court grants Defendants' Motion to Dismiss (ECF No. 54) with prejudice and denies Defendants' motion for pre-filing order (ECF No. 54). Defendants' first Motion to Dismiss (ECF No. 37) is denied as moot.

**IT IS SO ORDERED.**

DATED this 30th day of January 2020.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge